## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KNOLL, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | |
| | : | |
| SENATOR INTERNATIONAL LIMITED D/B/A THE SENATOR GROUP | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Knoll, Inc. ("Knoll" or "Plaintiff") by and through its undersigned counsel hereby assert their Complaint against Defendant, Senator International Limited doing business as The Senator Group ("Defendant") and hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.  Knoll is a corporation organized under the laws of the State of Delaware with a place of business at 1235 Water St., East Greenville, Pennsylvania 18041.

3.  Knoll does business in Pennsylvania and the Eastern District of Pennsylvania.

4.  Knoll is the owner of U.S. Patent No. D839,638, a true and correct copy of which is attached hereto as Exhibit A.

5.  Defendant is a foreign company incorporated in the United Kingdom.

6. Defendant's principal place of business is in the United Kingdom. Defendant has its global headquarters located at Altham Business Park, Sykeside Drive Altham, Accrington BB5 5YE United Kingdom. Defendant is a United Kingdom private limited company.

7. Defendant offers for sale, sells, distributes, makes, and/or imports office furniture into the United States, in Pennsylvania, and this judicial district.

8. Defendant makes, uses, offers to sell, sells, and imports office furniture products into the United States.

9. Defendant's personnel engage in regular and continuous business operations in the United States and in this judicial district that includes facilitating corporate relationships Defendant has with its customers in this judicial district, and assisting customers in identifying ways Defendant's products and services meet their customers' office furniture needs consistent with Defendant's corporate objectives. Defendant personnel conduct these operations on behalf of Defendant as a representative, employee, and agent of Defendant.

10. Defendant offers for sale, sells, distributes, makes, and/or imports office furniture into the United States and this judicial district. This includes importation, sale, and/or offer of sale of Array table products that infringe U.S. Patent No. D839,638 as alleged herein.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the Patent laws of the United States, Title 35 of the United States Code.

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

13. Defendant has been and is engaged in business in Pennsylvania and the Eastern District of Pennsylvania, including advertising and offering to sell its infringing Array tables in

this judicial district, shipping said products directly or indirectly into or through Pennsylvania, including through this judicial district, and having sold and/or participated in the offer of sale of said tables in this judicial district.

14. Defendant directly and/or through its coordinated distribution network regularly place its Array tables in the stream of commerce with the knowledge and/or understanding that such products will be sold and used in this judicial district. Defendant is subject to the general jurisdiction of this Court because it has regular and systemic contacts with this forum such that the exercise of jurisdiction over it will not offend the traditional notions of fair play and substantial justice.

15. Further, this Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with the forum such that the exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

16. In addition, this Court has personal jurisdiction over Defendant because Defendant has knowingly and actively engaged in acts that have infringed and will infringe and/or contribute, induce, aid, and/or abet the direct infringement of claims of the U.S. Patent No. D839,638 in this judicial district.

17. Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400 because Defendant has committed acts of infringement in this judicial district and does business in this judicial District.

18. For instance, venue is proper because of the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special." *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018). The "venue laws (as opposed to

3

requirements of personal jurisdiction) do not restrict the location of suits against alien defendants." *Id.* at 1357.

**FACTUAL BACKGROUND**

19. Knoll develops, sells, markets, and supports furniture, including office furniture. Knoll is famous throughout the world for its design and development of furniture, which includes iconic chairs such as Knoll's Barcelona chair, the Womb chair, and many other iconic, well known articles of furniture.

20. Knoll owns U.S. Design Patent No. D839,638 ("the '638 Patent"), which lawfully issued on February 5, 2019.

21. Knoll makes and sells a well-known line of tables known as the PIXEL tables. The C-Leg version of the PIXEL table is covered by the '638 Patent. An illustrative picture of this PIXEL table is shown below:



22. Defendant is a developer, manufacturer, distributor, and importer of furniture products, including tables and chairs.

23. Defendant makes, offers to sell, and sells a newly introduced line of Array tables.

24. The Array tables were included in an exhibit in Defendant's showroom at the trade show referred to as NeoCon that took place in the Chicago Merchandise Mart located in Chicago, Illinois in June of 2019.

25. Below is an image of an Array table at this NeoCon tradeshow:



26. The Array table looks almost identical to Knoll's PIXEL table, as can be appreciated from the below comparisons:



| **Defendant's Array Table** | **Knoll PIXEL Table** |
|---|---|
| | |
| | |

27. The below table provides a non-limiting exemplary comparison of the Array table and the ornamental appearance of the Knoll design protected by the '638 Patent:



| **Defendant's Array Table** | **U.S. Design Pat. No. D839,638** |
|---|---|
|  | |

28.     Defendant's Array table has an ornamental appearance that is almost identical to the ornamental appearance of the design shown, described and claimed in the '638 Patent.

29.      Consumers of tables are likely to be confused into thinking that the Array table is the table shown, described, and claimed in the '638 Patent.

30.     An ordinary observer, familiar with prior art to the '638 Patent, would be deceived into thinking that the Array table was the same as the patented design claimed in the '638 Patent.  *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

31.     The Array table is advertised, marketed, and offered for sale by Defendant in Pennsylvania, this judicial district and throughout the United States.  (*See e.g.* http://www.thesenatorgroup.com/americas/, http://www.thesenatorgroup.com/uk/news/array-by-senator/).

**THE '638 PATENT AND DEFENDANT'S KNOWLEDGE OF THIS PATENT**

32. On February 5, 2019, the '638 Patent entitled "TABLE" was duly and legally issued by the United States Patent and Trademark Office.

33. A true and correct copy of the '638 Patent is attached as Exhibit A to this Complaint.

34. Knoll is the assignee and owner of the right, title, and interest in and to the '638 Patent.

35. The '638 Patent has a single claim that says "The ornamental design for a table, as shown and described" and includes a description that states "The broken lines shown in the drawing Figures form no part of the claimed design."

36. Knoll practices the claimed invention of the '638 Patent by making and selling its C-Leg version of its PIXEL tables.

37. Defendant has had actual knowledge of the '638 Patent since at least as early as July 17, 2019.

38. On information and belief, Defendant also had actual knowledge of the '638 Patent during development of the Array table.

39. On information and belief, Defendant knew the '638 Patent protected Knoll's PIXEL table before the Array table was included in an exhibit at the NeoCon tradeshow in June of 2019.

40. On information and belief, Defendant designed its Array table to mimic the design of the Knoll's PIXEL table, with a goal to develop, make, and sell a table that would compete with the PIXEL table so that Defendant's Array table would have the same look as Knoll's PIXEL table but would have a lower price point for competition with the Knoll's

9

PIXEL table. On information and belief, these actions were done to try to take market share away from Knoll's PIXEL table with a table that had substantially the same ornamental appearance as Knoll's PIXEL table.

41. Defendant has continued to offer to sell, make and sell its Array table knowing that this table infringes the '638 Patent.

42. Defendant has willfully, deliberately, and intentionally continued to infringe the claim of the '638 Patent at least by using, offering to sell, selling, distributing, offering to distribute, and making its Array table in reckless disregard of the claim of the '638 Patent.

43. Defendant's infringement of the '638 Patent has caused irreparable injury to Knoll.

## COUNT I: INFRINGEMENT OF THE '638 PATENT

44. Knoll restates and realleges the foregoing allegations as if fully stated herein.

45. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the claim of the '638 Patent by making, using, offering for sale, selling, distributing and/or importing the tables that practice and therefore infringe the subject matter in the claim of the '638 Patent throughout the United States and within this judicial district without authority of Knoll.

46. In violation of 35 U.S.C. § 271(b) and (c) Defendant has indirectly infringed and continues to indirectly infringe the claim of the '638 Patent, within this judicial district and throughout the United States without authority of Knoll by actively inducing its customers' infringement of the '638 Patent with knowledge of the '638 Patent and by contributing to the infringement of that patent by selling at least the Array table to customers for their possession and use.

47. The Array table infringes the claim of the '638 Patent. This table is made, marketed, distributed, sold and/or offered for sale by Defendant throughout the United States and in this judicial district. This table include each and every feature of the claim of the '638 Patent.

48. For example, the below table provides a non-limiting comparison of the Array table and the ornamental appearance of the Knoll design protected by the '638 Patent:





49.     The Array table has an ornamental appearance that is almost identical to the ornamental appearance of the table design shown, described and claimed in the '638 Patent.

50.     Consumers of tables are likely to be confused into thinking that the Array table is the table shown, described, and claimed in the '638 Patent.

51.     An ordinary observer, familiar with prior art to the '638 Patent, would be deceived into thinking that the Array table was the same as the patented design claimed in the '638 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

52.     Knoll has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless the Court enjoins that infringement and for which there is no adequate remedy at law.

53.     Knoll under 35 U.S.C. §§ 284 and/or 289, is entitled to recover damages adequate to compensate for Defendant's infringement.

54. The infringement of the '638 Patent by Defendant has been, and continues to be, deliberate, willful, and knowing.

55. The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Knoll to recover treble damages and attorneys' fees.

56. Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant of its infringement of the '638 Patent.

## DEMAND FOR JURY TRIAL

57. Knoll demand a trial by jury under Rules 38 and 39 of the Federal Rules of Civil Procedure for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Knoll requests that the Court grant the relief requested in the Prayer for Relief below.

(a) That Defendant be adjudged to have infringed, contributed to, and/or induced the infringement of the claim of the '638 Patent;

(b) That Defendant be adjudged to have engaged in willful infringement of the '638 Patent;

(c) That Knoll be awarded damages for infringement of the '638 Patent, including damages adequate to compensate Knoll for Defendant's past infringement of the '638 Patent including lost profits, Defendant's profits, a reasonable royalty, or other monetary relief available under 35 U.S.C. §§ 284 and/or 289 and for any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial (35 U.S.C. §§ 284 and 289);

(d) That Defendant pay an ongoing royalty in an amount to be determined for any continued infringement of the '638 Patent after the date the judgment is ordered;

(e) That this case be declared an exceptional case under 35 U.S.C. § 285;

(f) That Knoll's damages be trebled pursuant to 35 U.S.C. § 284;

(g) That Knoll be awarded its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(h) That this Court permanently enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with Defendant, or any of them, from further infringement of the '638 Patent and that Defendant be permanently enjoined from infringing the '638 Patent and from making, using, selling, offering to sell, or distributing the Defendant's infringing tables;

(i) That Knoll be awarded pre- and post-judgment interest on all damages;

(j) That Knoll be awarded all its costs and expenses in this action; and

(k)     That Knoll be awarded such further and other relief as the Court may deem just and proper.

Respectfully submitted,

By: *[signature]* Samantha Southall, se

Dated: October 2, 2019

Samuel Braver
samuel.braver@bipc.com
Ralph G. Fischer
ralph.fischer@bipc.com
(*pro hac vice pending*)
**Buchanan Ingersoll & Rooney PC**
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Tel: (412) 392-2121/562-1696

Samantha L. Southall
samantha.southall@bipc.com
**Buchanan Ingersoll & Rooney PC**
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA  19102
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760

*Attorneys for Plaintiff Knoll, Inc.*