**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KNOLL, INC.,<br><br>            Plaintiff,<br><br>        v.<br><br>SENATOR INTERNATIONAL LIMITED<br>D/B/A THE SENATOR GROUP<br><br>            Defendant. | Civil Action No. 2:19-CV-04566 MAK<br><br><br>HON. MARK A. KEARNEY |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO**
**DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF**
**PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2)**
**AND FAILURE TO STATE A CLAIM PURSUANT TO  FED. R. CIV. P. 12(B)(6)**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS ......................................................................................2

III.   THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT .................3

     A.    This Court Lacks General Jurisdiction Over The Defendant..................................6

     B.    This Court Lacks Specific Jurisdiction Over Senator UK Because It Has No Suit-Related Contacts With Pennsylvania .........................................................8

         1.    Defendant's Passive Website Does Not Support Personal Jurisdiction.................................................................................................8

         2.    Senator UK Has Not Committed Acts of Alleged Patent Infringement in This District or in Pennsylvania......................................9

         3.    The Court's Exercise of Personal Jurisdiction Over Senator UK Would Not Comport With The Requirements of Due Process.................10

IV.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM OF CONTRIBUTORY INFRINGEMENT UNDER FED. R. CIV. P. 12(b)(6)....................10

     A.    Legal Principles of Fed. R. Civ. P. 12(b)(6) .........................................................10

     B.    The Complaint Fails to State a Claim for Contributory Infringement...................11

V.    CONCLUSION.......................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Admiral Ins. Co. v. Strauss*,
No. CV 16-6223, 2017 WL 4167381 (E.D. Pa. Sept. 20, 2017) ................................4

*Alarm Detection Sys. v. Village of Schaumburg*,
930 F.3d 812 (2019)..................................................................................................11

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ...........................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................10

*In re Bill of Lading Transmission and Processing Sys.*,
681 F.3d 1323 (Fed. Cir. 2012)..................................................................................11

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017).................................................................................................5

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
137 S. Ct. 1773 (2017)..............................................................................................4, 5

*Daimler v. Bauman*,
134 S. Ct. 746 (2014) ...............................................................................................4, 6

*Desktop Tech., Inc. v. Colorworks Reprod. & Design, Inc.*,
1999 WL 98572 (E.D.Pa.1999) ..................................................................................8

*Gelman v. State Farm Mut. Auto. Ins. Co.*,
583 F.3d 187 (3d Cir. 2009).......................................................................................11

*Henning v. Suarez Corp.*,
713 F. Supp. 2d 459 (E.D. Pa. 2010) ..........................................................................7

*Hirst v. Skywest, Inc.*,
910 F.3d 961 (7th Cir. 2018) ......................................................................................10

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)......................................................................................................6

*Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*,
    960 F.2d 1217 (3d Cir. 1992)..........................................................................................4

*Miles v. Twp. of Barnegat*,
    343 Fed.Appx. 841 (3d Cir. 2009) ...............................................................................11

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007)...........................................................................................5

*Pinker v. Roche Holdings Ltd.*,
    292 F.3d 361 (3d Cir. 2002)...........................................................................................4

*Progme Corp. v. Comcast Cable Commc'ns LLC*
    2017 CV 17-1488, 2017 WL 5070723 (E.D. Pa. Nov. 3, 2017)..................................12

*TC Heartland LLC v. Kraft Food Group Brands LLC*,
    137. S. Ct. 1514 (2017) ..................................................................................................1

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984)..............................................................................................4

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ....................................................................................................5

*Wilmington Fin., Inc. v. Moonis*,
    No. CIV.A.08-2365, 2008 WL 4661033 (E.D. Pa. Oct. 21, 2008).................................4

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980).......................................................................................................10

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D.Pa.1997).................................................................................9

**Statutes**

42 Pa. Cons. Stat. § 5301(a)...................................................................................................4

42 Pa. Cons. Stat. § 5322(b) ..............................................................................................3, 5

28 U.S.C. § 1400(b) ...............................................................................................................1

35 U.S.C. § 271............................................................................................................2, 11, 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................ *passim*

## I.     INTRODUCTION

This is a design patent infringement case.  The only patent being asserted is U.S. Patent No. D839,638 ("the 'D638 Patent"), which is directed to an office table design.  The product accused of infringing the 'D638 Patent is called the Array™ table.  The Array™ table is exclusively marketed, imported, and sold in the United States by an Ohio corporation called Senator International, Inc. ("Senator OH").  But Senator OH has not been named as a defendant.  Instead, Plaintiff Knoll, Inc. ("Plaintiff") has brought suit against Defendant Senator International Limited ("Senator UK" or "Defendant") in an apparent attempt to forum shop.

Had Plaintiff sued Senator OH, venue would only have been proper where Senator OH is incorporated (Ohio) or otherwise maintains a physical place of business (Ohio, New York, Illinois, and California).  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137. S. Ct. 1514, 1519 (2017).  Senator OH is neither incorporated nor maintains a physical place of business in this Judicial District.  Determined to bring this case in its own home district, Plaintiff sued Senator UK, a private limited company registered in the United Kingdom, because the patent venue rules do not apply to foreign defendants.  But Plaintiff's attempt to circumvent the patent venue rules is futile because this Court lacks personal jurisdiction over Senator UK, thus requiring dismissal under Fed. R. Civ. P. 12(b)(2).

For these reasons, Defendant previously filed a motion to dismiss [Dkt. No. 16] Plaintiff's original Complaint [Dkt. No. 1].  Plaintiff elected to voluntarily amend its pleading rather than respond to the merits of that motion.  Plaintiff's amendments generally fall into three categories: (1) that distributors in Pennsylvania sell Senator brand products, (2) that the Senator website includes product information, a "contact us" page, and sends marketing updates via Mailchimp, a third party email distribution service, and (3) that Senator UK employees attended the 2019 NeoCon tradeshow in Chicago, Illinois, where the accused Array™ table was put on

1

display.  However, the problem still remains that <u>none</u> of the facts alleged in the Amended Complaint [Dkt. No. 22] support personal jurisdiction over Senator UK in this Judicial District. Indeed, the allegations regarding third party distributors and Defendant's passive website do not provide a basis for general jurisdiction in Pennsylvania and the only suit-related contacts alleged in the Amended Complaint are with Illinois – not Pennsylvania.

The facts developed below and in the attached Declarations of Robert Mustoe, the Chairman and Managing Director of Senator UK (Mustoe Decl., attached as Exhibit A), and Mark Brettschneider, the Principal and President of Senator OH (Brettschneider Decl., attached as Exhibits B and C), show that <u>the accused Array<sup>TM</sup> table has not been sold in Pennsylvania</u> and that neither Senator UK nor Senator OH are incorporated in Pennsylvania or maintain a regular and established place of business in Pennsylvania.  These facts compel the Court to dismiss this action under Fed. R. Civ. P. 12(b)(2) because the Court cannot exercise personal jurisdiction over Senator UK.  The Court should therefore GRANT the Defendant's motion and dismiss the case because Plaintiff cannot demonstrate that the Defendant has the requisite ties to this District to support personal jurisdiction here.

Additionally, Plaintiff's allegations of contributory infringement under 35 U.S.C. § 271(c) are facially deficient and should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.    STATEMENT OF FACTS

Defendant Senator UK is registered as a private limited company in the United Kingdom and maintains a principal place of business at Altham Business Park, Sykeside Drive, Altham, Accrington BB5 5YE United Kingdom.  (Mustoe Decl., ¶¶3, 4).  Senator UK does not own or operate any facilities in Pennsylvania, does not maintain any office, place of business, telephone listing, or mailing address in Pennsylvania, does not own, lease, use, or possess any real estate in

2

Pennsylvania, and has no employees in Pennsylvania.  (Mustoe Decl., ¶¶5-8).  Senator UK is not licensed or registered to do business in Pennsylvania, does not own or maintain any bank accounts or other assets in Pennsylvania, and has not appointed an agent for service of process in Pennsylvania.   (Mustoe Decl., ¶¶9-11).[1]   Senator UK owns and operates a website at https://www.thesenatorgroup.com/.  That website, however, does not include any functionality enabling visitors to purchase or order products, goods, or services directly through the website.  (Mustoe Decl., ¶¶19, 20).  It is a _passive_ website.

Critically for the purposes of this Motion, Defendant Senator UK has not made, used, offered for sale, sold, or imported the Array™ table in this District or in the state of Pennsylvania and therefore has not committed any acts of infringement here.  (Mustoe Decl., ¶¶13-19).  The Array™ table is exclusively marketed, imported, and sold in the United States by Senator OH – not Senator UK.  (Brettschneider Decl., ¶9).  Moreover, there have been _zero_ sales of the Array™ table in Pennsylvania to date by either Senator UK or Senator OH.  (Brettschneider Decl., ¶12).  These facts preclude the exercise of personal jurisdiction over Senator UK in this Judicial District.

## III.     THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over the Defendant.  In view of the facts discussed above, an exercise of personal jurisdiction over the Defendant by this Court would offend all notions of fair play and substantial justice and is not permitted under the Pennsylvania long-arm statute (42 Pa. Cons. Stat. § 5322(b)) or the requirements of Constitutional due process.

Federal Rule of Civil Procedure 12(b)(2) compels dismissal of a complaint where the court lacks "personal jurisdiction."  When a defendant files a Rule 12(b)(2) motion, "the burden

---

[1] The same is true of Senator OH.  (Brettschneider Decl., ¶¶6, 7).

falls upon the plaintiff to come forward with sufficient facts to establish . . . with reasonable particularity sufficient contacts between the defendant and the forum." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citation omitted).   In assessing whether personal jurisdiction exists, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).   However, the defendant may counter with affidavits in support of its motion, and if it does so, the plaintiff must respond with "actual proofs" and not merely "affidavits which parrot" plaintiff's allegations. *Admiral Ins. Co. v. Strauss*, No. CV 16-6223, 2017 WL 4167381, at *1–2 (E.D. Pa. Sept. 20, 2017); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66–67 n. 9 (3d Cir. 1984) ("A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether *in personam* jurisdiction actually lies.   Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction."). If the plaintiff fails to present such "competent evidence" supporting personal jurisdiction, the case should be dismissed.   *Wilmington Fin., Inc. v. Moonis*, No. CIV.A.08-2365, 2008 WL 4661033, at *2 (E.D. Pa. Oct. 21, 2008).

There are two types of jurisdiction: general and specific.   *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).   The Supreme Court has held that such general jurisdiction may only be exercised where a corporation is "essentially at home in the forum State."   *Daimler v. Bauman*, 134 S. Ct. 746, 754 (2014). Under 42 Pa. Cons. Stat. § 5301(a), general jurisdiction exists if the defendant's contacts with

Pennsylvania are so substantial that personal jurisdiction exists in Pennsylvania over any dispute. Typically, general jurisdiction will exist only where a corporation is incorporated and in its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Neither exist here.

A federal district court may exercise specific jurisdiction over a defendant according to the Pennsylvania long-arm statute, which provides jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)). Under Pennsylvania's long-arm statute (42 Pa. Cons. Stat. § 5322(b)), specific jurisdiction exists if *the cause of action* arises out of the out-of-state defendant's contacts with the forum state. Specific jurisdiction, also known as "case-linked" jurisdiction, may be exercised where "the suit . . . aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal quotation marks omitted; emphasis in original). Indeed, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *see also O'Connor*, 496 F.3d at 323 ("[S]pecific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test."). "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden at 1121*. "Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122. "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*.

5

The due process clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of courts over nonresidents.   Under the due process clause of the Fourteenth Amendment, "a court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler v. Bauman*, 134 S. Ct. 746, 754 (2014) (internal quotations omitted).  For the exercise of specific jurisdiction, due process requires the Court to look at whether the defendant has certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

As shown below, the facts attested to in the accompanying Declarations of Robert Mustoe (Exhibit A) and Mark Brettschneider (Exhibits B and C) preclude both general jurisdiction and specific jurisdiction.

A.      **This Court Lacks General Jurisdiction Over The Defendant**

With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.  *Daimler*, 134 S. Ct. at 760 (internal quotations omitted).  Senator UK is not a registered business in Pennsylvania and does not maintain any office, place of business, telephone listing, or mailing address in Pennsylvania.  (Mustoe Decl., ¶¶6, 9).   Similarly, Senator UK does not own, lease, use, or possess any real estate in Pennsylvania.  (Mustoe Decl., ¶7).[2]  Even the allegations set forth in the Amended Complaint recognize that Senator UK is not incorporated in Pennsylvania and does not maintain a principle place of business in Pennsylvania.  *See* Dkt. No. 22, ¶¶7, 8.

---

[2] The same is true for Senator OH.  (Brettschneider Decl., ¶¶6, 7).

Senator UK does not do business in the United States.[3]  The facts stated in Mr. Mustoe's

Declaration (Exhibit A) also demonstrate that Senator UK does not own or maintain any bank

accounts or other assets in Pennsylvania and that it has no employees who live in Pennsylvania.

(Mustoe Decl., ¶¶8, 10).  Therefore, this Court lacks general jurisdiction over Senator UK.

Plaintiff added statements in its Amended Complaint that "Defendant's products are

offered for sale and sold in Pennsylvania and in this judicial district."    Dkt. No. 22, ¶23.  For

example, Plaintiff alleges that a third party distributor called Ethosource "has showrooms in

King of Purssia [sic], PA and Reading, PA at which Allermuir band [sic] and the Senator Group

brand products are available for purchase."  *Id.* at ¶23.  But general jurisdiction is not created by

the simple fact that a defendant's products are sold through third party distributors located in the

forum state.  *See Henning v. Suarez Corp.*, 713 F. Supp. 2d 459, 467 (E.D. Pa. 2010).  So far this

year, only 0.42% of Senator OH's total sales came from Pennsylvania and in 2019 Pennsylvania

accounted for only 1.06% of Senator OH's total sales.[4]  *See* Exhibit C (Brettschneider Decl. II,

¶¶7-8).  These numbers show that the sale of non-accused products in Pennsylvania has been

marginal at best.  Because these sales do not represent "a central part of defendant's business,"

general jurisdiction does not exist.  *Henning*, 713 F. Supp. 2d at 466-67.  The personal

jurisdiction inquiry, therefore, must turn to whether specific jurisdiction exists based upon

Plaintiff's cause of action against the Defendant.

---

[3] Senator OH does business in the United States, but Plaintiff did not name Senator OH as a defendant.

[4]  These percentages represent the total sales numbers for all products sold by Senator OH.  No sales of the Accused Product have been made in Pennsylvania.  (Brettschneider Decl., ¶12).

B.      **This Court Lacks Specific Jurisdiction Over Senator UK Because It Has No Suit-Related Contacts With Pennsylvania**

What is noticeably absent from the Amended Complaint are allegations that the accused Array$^{TM}$ table has been sold in Pennsylvania or has been displayed in Ethosource's PA showrooms.   The only suit-related contacts alleged in the Amended Complaint are between Senator UK and the State of Illinois.  For example, Paragraphs 45-55 of the Amended Complaint [Dkt. No. 22] state that Defendant included Array$^{TM}$ tables in a showroom at the NeoCon trade show in June of 2019.  Those same paragraphs acknowledges that the NeoCon trade show took place in Chicago, Illinois, which is outside this District.  *See, e.g.,* Dkt. No. 22, ¶45.  The weakness of Plaintiff's position on personal jurisdiction is exemplified by Plaintiff's addition of paragraph 54 to the pleadings, which states that "[p]ersonnel who work in the State of Pennsylvania and this judicial district [e.g., Plaintiff's employees] entered Defendant's NeoCon showroom [in Chicago] during NeoCon, saw the Array table, and understood that the Senator Group [as opposed to Defendant specifically] was offering to sell and selling the Array table during the NeoCon tradeshow to potential customers located throughout the United States and the world." *Id*. at 54.  It is absurd to even suggest that attending a tradeshow outside a forum state could support personal jurisdiction over a defendant if people who work in the forum state happened to attend the tradeshow.  That is clearly insufficient to establish personal jurisdiction and the Amended Complaint does not allege any specific sales or other targeted advertising activity related to the Array$^{TM}$ table.

1.    **Defendant's Passive Website Does Not Support Personal Jurisdiction**

As a matter of law, Defendant's website (https://www.thesenatorgroup.com/) does not support personal jurisdiction in this District.  *See Desktop Tech., Inc. v. Colorworks Reprod. & Design, Inc.*, 1999 WL 98572, at *3 (E.D. Pa. 1999) ("[a] passive Web site that does little more

than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.") (*quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).   Plaintiff's Amended Complaint makes a number of allegations about Defendant's website, including that it displays product information, a "contact us" page, and sends marketing updates via Mailchimp, a third party email distribution service.   See Dkt. No. 22, ¶¶ 19, 21, and 27-31.   But at the end of the day, Defendant's website is simply a passive website that provides information about its products and business.   There are no allegations in the Amended Complaint that the accused Array™ table can be purchased through Defendant's website.   Indeed, visitors are not able to purchase or order any products, goods, or services through the website. (Mustoe Decl., ¶¶17, 18).   The mere act of displaying the Array™ table on its website alone is not enough to support an exercise of personal jurisdiction over the Defendant in this District.

### 2.   Senator UK Has Not Committed Acts of Alleged Patent Infringement in This District or in Pennsylvania

Senator UK has not made, used, sold, or imported the Array™ table in this District or the state of Pennsylvania. (Mustoe Decl., ¶¶13-21).   Nor has Senator UK specifically directed any offers to sell the Array™ table to customers located in Pennsylvania. *Id*.   Indeed, the Amended Complaint alleges none.   Therefore, Senator UK has not engaged in any act that could possibly give rise to specific jurisdiction in Pennsylvania.

The Amended Complaint's identification of Senator OH as Defendant's "U.S. affiliate/subsidiary" [Dkt. No. 22, ¶¶14-16 and 20] is of little consequence because the Array™ table has not been sold in Pennsylvania at all (i.e., Senator OH has made no sales of the Array™ table in Pennsylvania). (Brettschneider Decl., ¶12).   The Amended Complaint does not allege any facts to the contrary.   The Amended Complaint does not identify any customers within this

District who have actually purchased the Array™ table or have received an offer for sale for the Array™ table.  Similarly, the Amended Complaint fails to allege any location(s) in this District where the Defendant made, used, or imported the Array™ table.  For example, Plaintiff did not allege that the accused Array™ table is on display at Ethosource's PA showrooms, nor could it.

In this absence of "suit-related" contacts between Senator UK and this District or the state of Pennsylvania, there is no specific jurisdiction.

### 3.   The Court's Exercise of Personal Jurisdiction Over Senator UK Would Not Comport With The Requirements of Due Process

The exercise of jurisdiction over a defendant must also comply with the requirements of due process.  Due process requires the nonresident defendant to have sufficient minimum contacts with the forum state and some act of purposeful availment by the defendant.  The practical purpose behind this test is to determine "whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  In view of the facts and circumstances of this case, the resounding answer to this inquiry must be "No." Senator UK would not reasonably anticipate defending this patent infringement action in Pennsylvania because they are not domiciled in Pennsylvania and have not had any suit-related contacts with Pennsylvania.

### IV.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM OF CONTRIBUTORY INFRINGEMENT UNDER FED. R. CIV. P. 12(b)(6)

#### A.   Legal Principles of Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018).  In patent cases, a 12(b)(6) motion to dismiss is governed by the law of the applicable regional circuit – here, the Third

Circuit. *In re Bill of Lading Transmission and Processing Sys.*, 681 F.3d 1323, 1331 (Fed. Cir.

2012). The Third Circuit has explained "[t]he plausibility standard 'asks for more than a sheer

possibility that a defendant has acted unlawfully.'" *Miles v. Twp. of Barnegat*, 343 Fed.Appx.

841, 844 (3d Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility exists

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Gelman v. State Farm Mut. Auto. Ins.

Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678). Legal conclusions do not

get the same benefit; those the court may disregard. *See Iqbal*, 556 U.S. at 678 ("[W]e are not

bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotation

marks omitted). As with any other cause of action, plaintiff's pleading patent infringement must

plead sufficient factual context to "plausibly suggest - as opposed to possibly suggest - that the

plaintiffs are entitled to relief." *Alarm Detection Sys. v. Village of Schaumburg*, 930 F.3d 812,

821 (2019); *see also Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018).

**B.      The Complaint Fails to State a Claim for Contributory Infringement**

Plaintiff's contributory infringement allegations are facially deficient. Plaintiff

makes its contributory infringement allegations in a *single paragraph*, which reads "[i]n

violation of 35 U.S.C. ¶ 271(b) and (c) Defendant has indirectly infringed and continues to

indirectly infringe the claim of the '638 Patent … by contributing to the infringement of that

patent by selling at least the Array table to customers for their possession and use in the

U.S." Dkt. No. 22, ¶84]. That allegation makes no sense. The Patent Statute explains that:

> Whoever offers to sell or sells within the United States or imports into the
> United States a component of a patented machine, manufacture, combination
> or composition, or a material or apparatus for use in practicing a patented
> process, constituting a material part of the invention, knowing the same to be
> especially made or especially adapted for use in an infringement of such
> patent, and not a staple article or commodity of commerce suitable for
> substantial noninfringing use, shall be liable as a contributory infringer.

11

35 U.S.C. § 271(c) (emphasis added).  Plaintiff's Amended Complaint fails to identify what

"component" of a patented product Senator UK has sold or offered for sale in the United

States.  That is fatal to Plaintiff's allegations of contributory infringement.  *Progme Corp. v.*

*Comcast Cable Commc'ns LLC*, 2017 CV 17-1488, 2017 WL 5070723 at *9  (E.D. Pa. Nov. 3,

2017).

   As noted above, the 'D638 Patent covers the aesthetic appearance of a particular

office table that Plaintiff purportedly designed.  The Amended Complaint states that the

Defendant makes a table that infringes the 'D638 Patent and that Senator OH is then

responsible "for importation and sale throughout the United States."  See Dkt. No. 22, ¶¶

13-14.  On their face, these allegations accuse the Defendant of furnishing the patent

product itself (i.e., the Array™ table) rather than a component thereof, which a third party

would then incorporate into the patented product.  Those alleged facts do not square with

Plaintiff's claim of contributory infringement.

   Because Plaintiff has not alleged sufficient facts to support a claim for contributory

infringement, the allegations set forth in paragraphs 37 and 84 of the Amended Complaint

[Dkt. No. 22] should be dismissed/stricken for failure to state a claim.

## V.   CONCLUSION

   In view of the facts presented herein and attested to in the accompanying Declarations of

Robert Mustoe (Exhibit A) and Mark Brettschneider (Exhibits B and C), this Court lacks

personal jurisdiction over the Defendant.  The Complaint also fails to state a claim for willful

infringement and indirect infringement (i.e., contributory and/or induced infringement).

Accordingly, this Court should GRANT the Defendant's Motion and enter an Order dismissing

12

the Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Plaintiff's

willful infringement and indirect infringement claims under Fed. R. Civ. P. 12(b)(6) for failure

to state a claim.


Dated: March 27, 2020

| | |
|---|---|
| /s/ J. Bradley Luchsinger | /s/ Brandon M. Riley |
| Glenn E. Forbis (P52119) (*pro hac vice*) | Brandon M. Riley (Pa. No. 316136) |
| J. Bradley Luchsinger (P76115) (*pro hac vice*) | 2005 Market Street, Suite 2600 |
| Harness, Dickey & Pierce PLC | Philadelphia, PA  19103 |
| 5445 Corporate Drive, Suite 200 | 215-564-8147/215-564-8120 (fax) |
| Troy, Michigan  48098 | briley@stradley.com |
| (248) 641-1600 | |
| gforbis@hdp.com | – and – |
| bluchsigner@hdp.com | |
| | Kevin R. Casey (Pa. No. 58083) |
| *Lead Counsel for Senator International* | Great Valley Corporate Center |
| *Limited D/B/A The Senator Group* | 30 Valley Stream Parkway |
| | Malvern, PA 19355 |
| | 610-640-5813/610-640-1965 (fax) |
| | kcasey@stradley.com |
| | |
| | *Local Counsel for Senator International* |
| | *Limited D/B/A The Senator Group* |

24422137.1

13

**CERTIFICATE OF SERVICE**

I, J. Bradley Luchsinger, hereby certify that on March 27, 2020, a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint, the Memorandum of Law in Support thereof, and the associated Declarations and proposed Order were served upon all counsel of record via the Court's CM/ECF electronic filing system. The documents are available for viewing and downloading from the PACER system.

/s/ J. Bradley Luchsinger
J. Bradley Luchsinger (P76115) (*pro hac vice*)
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200
Troy, Michigan  48098
(248) 641-1600
bluchsinger@hdp.com